**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 14, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-60585
Summary Calendar

———————————

CANDIDO SANTOS,

                                        Petitioner,

versus

BUREAU OF IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28 639 968
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Candido Santos has filed a petition for review of the Board

of Immigration Appeals' ("BIA") order denying his motion to

reopen his deportation proceeding, which he filed pursuant to

new deadlines set forth in the Nicaraguan Adjustment and Central

American Relief Act ("NACARA") and the Legal Immigration Family

Equity ("LIFE") Act.  The BIA denied the motion, which was made

complete in June 2000, as untimely under the applicable NACARA

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

regulatory deadlines, and it concluded that Santos was not alternatively eligible to take advantage of amended LIFE Act deadlines because he had not demonstrated that he had actually been deported and then illegally re-entered the country.

Santos has failed to challenge the BIA's determination that his claims under NACARA were untimely, and he does not even brief any claims under NACARA itself.  He has effectively abandoned these claims.  Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 (5th Cir. 1986).  Santos' failure to challenge the BIA's conclusion that any NACARA claims were time-barred is the same as if he had not appealed that aspect of the judgment.  See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Santos' primary argument is that this court should take judicial notice of INS documents showing that he was deported in 1987 or 1988 and remand the case to the BIA.  He argues that this would permit him to demonstrate that he was eligible for NACARA relief under the extended deadlines set forth in the LIFE Act. Section 203 of NACARA allowed nationals from El Salvador (and other Central American nations) to apply for discretionary relief from deportation under more relaxed terms than is normally required under immigration laws.  See Chapinski v. Ziglar, 278 F.3d 718, 720 (7th Cir. 2002).

The LIFE Act amendments provide that an alien who was otherwise eligible for suspension of deportation pursuant to

NACARA's amendments to the Illegal Immigration and Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") was not barred from applying for such relief by operation of Immigration and Naturalization Act ("INA") § 241(a)(5). See LIFE Act amendment § 1505(a)(1)(B)(2)(A), PL 106-554, 2000 HR 4577. Section 241(a)(5) of INA, 8 U.S.C. § 1231(a)(5), provides for reinstatement of removal orders for aliens who reentered the United States after having been removed. Therefore, aliens who were previously barred from seeking relief pursuant to NACARA because of § 241(a)(5), but who became eligible for relief pursuant the LIFE Act amendments, were allowed additional time to file a NACARA motion to reopen. See LIFE Act amendment § 1505(a)(2).

Even if Santos could demonstrate that he was eligible to proceed under the LIFE Act's extended deadlines, he has not established that he has satisfied the prerequisites for NACARA relief. Under NACARA § 203, a Salvadoran national who entered the United States before certain dates may not apply for suspension of deportation unless he shows, inter alia, that he either filed an application for asylum on or before December 31, 1991, or registered for benefits and applied for asylum pursuant to the settlement agreement in American Baptist Churches v. Thornburgh, 760 F. Supp. 796 (N.D. Cal. 1991). See IIRIRA § 309(c)(5)(C)(i); NACARA § 203(a). Because Santos has not shown that he has satisfied either of these prerequisites, he is

not eligible for NACARA relief under the LIFE Act amendments or otherwise.

To the extent that Santos argues that the LIFE Act amendments violate his due-process rights, this court lacks jurisdiction to consider such contention because Santos did not administratively exhaust it before the BIA.  See Goonsuwan v. Ashcroft, 252 F.3d 383, 385-86 (5th Cir. 2001) (habeas corpus proceeding); Wang v. Ashcroft, 260 F.3d 448, 453 (5th Cir. 2001).

Santos' motion to augment or supplement the record with documentation allegedly showing that he was deported in 1988 is DENIED as unnecessary.

For the foregoing reasons, Santos' petition for review is DENIED.