IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-10349
_____


ANIRUT GOONSUWAN, also known as DONG A. MANUCY,

Petitioner-Appellee,

v.

JOHN ASHCROFT, U. S. Attorney General,

Respondent-Appellant.


---------------------------------
Appeal from the United States District Court
for the Northern District of Texas
---------------------------------

May 18, 2001

Before KING, Chief Judge, ALDISERT* and BENAVIDES, Circuit
Judges.

BENAVIDES, Circuit Judge:

Anirut Goonsuwan, also known as Dong Manucy, the name given
to him when he was adopted by his step-father, came to the United
States from Thailand with his mother and sister in 1975. From
the age of four, Goonsuwan was raised in the United States by his
mother and step-father, an Air Force officer. He is unfamiliar
with his native Thailand. Goonsuwan does not speak the Thai
language and, since his departure, has lost all contact with his
relatives in Thailand. The only life and family he knows is here

_____

* Circuit Judge of the Third Circuit, sitting by
designation.

in the United States.

In 1990, in two separate incidents, Goonsuwan was convicted for the offenses of burglary of a motor vehicle and burglary of a habitation.  On June 6, 1994, the INS issued an Order to Show Cause charging Goonsuwan as being deportable pursuant to § 241(a)(2)(A)(ii) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1251(a)(2)(A)(ii), in that at any time after entry, Goonsuwan had been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.  Goonsuwan conceded deportability and applied for a waiver of deportation under § 212(c) of the INA, 8 U.S.C. § 1182(c).[1]  Balancing the factors outlined in *Matter of Marin*, 16 I&N Dec. 581 (BIA 1978), the immigration judge found that the adverse factors evidencing Goonsuwan's undesirability as a permanent resident outweighed the social and humane factors presented in his favor.  The immigration judge therefore denied Goonsuwan's application for a waiver.  Goonsuwan appealed the immigration judge's denial of a waiver to the Board of

---

[1] Section 212(c), codified at 8 U.S.C. § 1182(c), provides:

Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) (other than paragraphs (d) and (9)(C)). Nothing contained in this subsection shall limit the authority of the Attorney General to exercise the discretion vested in him under section 211(b). The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.

Immigration Appeals ("BIA" or "the Board"). Goonsuwan, represented by the same counsel as at his deportation hearing, did not raise an ineffective assistance of counsel claim before the BIA. The BIA denied his appeal on the merits.

On July 24, 1998, Goonsuwan filed his instant habeas petition in the federal district court for the Western District of Texas alleging ineffective assistance of counsel during his deportation hearing.[2] The alleged deficiency in counsel's performance was his failure to introduce documentary evidence that Goonsuwan provided to him on the eve of trial.[3] At the deportation hearing, Goonsuwan's counsel instead relied solely on the testimony of Goonsuwan and his parents. The district court, "convinced that counsel's failure to present relevant and necessary evidence in support of Goonsuwan's application for discretionary relief rendered the proceeding fundamentally unfair and that substantial prejudice resulted," granted petitioner's writ. The district court ordered a new hearing on Goonsuwan's

_____

[2] It is well settled that, because deportation hearings are considered civil in nature, there is no Sixth Amendment right to counsel. *Mustata v. U.S. Dep't of Justice*, 179 F.3d 1017, 1022 n.6 (5th Cir. 1999); *Paul v. INS*, 521 F.2d 194, 198 (5th Cir. 1975). Aliens do, however, have a constitutionally protected right to procedural due process when deportation proceedings are initiated against them. *Zadvydas v. Underdown*, 185 F.3d 279, 295 (5th Cir. 1999). This right to due process is violated when "the representation afforded them was so deficient as to impinge upon the fundamental fairness of the hearing," *Paul*, 521 F.2d at 198, and that, as a result, the alien suffered substantial prejudice. *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993).

[3] The documents included character references and impact statements from his sister, father, high school principal, neighbor, probation officer, and two former employers.

3

application for waiver of deportation under § 212(c) or that he be released from custody and all further deportation efforts be ceased. The Government moved for reconsideration under Rule 59(e). The district court denied the motion and reaffirmed its previous holding. The Government filed a timely notice of appeal.

## *Jurisdiction*

Although not briefed by the parties in their original submissions, the issue of jurisdiction must be addressed by this Court, sua sponte if necessary. *Casteneda v. Falcon*, 166 F.3d 799, 801 (5th Cir. 1999). However compelling our desire to reach the merits of a case, we must do so prudently and within our jurisdictional bounds. "Moreover, not only must we be confident of our own jurisdiction, but we are required to ensure that the district court also had jurisdiction to consider the merits." *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2000). Our concern, in this regard, is whether Goonsuwan exhausted his available administrative remedies before seeking habeas relief in the district court. Goonsuwan did not argue his ineffective assistance of counsel claim before the BIA, nor has he filed a motion to reopen his deportation proceedings, a remedy available under INS' regulations, based on his ineffectiveness claim.[4] To

---

[4] "A motion to reopen seeks fresh consideration on the basis of newly discovered facts or a change in circumstances since the hearing, or solicits an opportunity to apply for discretionary relief. . . . Motions to reopen in immigration proceedings will not be granted unless it appears that the new evidence is

4

inform our decision, we ordered the parties to file supplemental briefing on whether the exhaustion requirement of § 106(c) of the INA applies in habeas corpus proceedings; and, if so, whether, under these facts, Goonsuwan was required to file a motion to reopen with the BIA in order to exhaust his administrative remedies.[5]  Having fully considered the parties' arguments, we conclude that § 106(c), including its exhaustion requirement, applies to Goonsuwan's habeas petition.  We further conclude that while generally a motion to reopen is not required to exhaust administrative remedies under § 106(c), Goonsuwan's failure to raise his ineffective assistance of counsel claim before the BIA deprived the district court of jurisdiction to consider the issue

---

material and could not have been discovered and presented at the former hearing." 1 Charles Gordon, Stanley Mailman, & Stephen Yale Loehr, IMMIGRATION LAW AND PROCEDURE § 3.05[7][a] (Matthew Bender rev. ed. 2001).

[5] Section 106(c) of the INA, codified at 8 U.S.C. § 1105a(c), provides:

> An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or if he has departed from the United States after the issuance of the order. Every petition for review or for habeas corpus shall state whether the validity of the order has been upheld in any prior judicial proceeding, and, if so, the nature and date thereof, and the court in which such proceeding took place. No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order.

5

in Goonsuwan's petition for habeas corpus.

*Whether Goonsuwan was required to exhaust his administrative remedies prior to filing a habeas corpus petition?*

The Illegal Immigrant Reform and Immigration Responsibility Act (IIRIRA) created two sets of rules governing immigration proceedings. In determining whether a statutory exhaustion requirement exists, we must initially determine which set of rules – transitional or permanent – governs Goonsuwan's case. IIRIRA's transitional rules apply to removal proceedings that commence before April 1, 1997 and conclude more than thirty days after September 30, 1996. *Lerma de Garcia v. INS*, 141 F.3d 215, 216 (5th Cir. 1998). Since Goonsuwan's deportation proceedings were initiated on June 6, 1994 and did not conclude until his BIA appeal was denied on February 25, 1997, IIRIRA's transitional rules apply. *Requena-Rodriguez*, 190 F.3d 299, 302 (5th Cir. 1999); IIRIRA §§ 309(a) and (c)(1). The transitional rules governing judicial review set forth in IIRIRA § 309(c)(4) incorporate § 106(c) of the INA. *Santos v. Reno*, 228 F.3d 591, 596 (5th Cir. 2000).

Section 106(c) states that unless an alien exhausts his available administrative remedies, the deportation order "shall not be reviewed by any court." The provisions of § 106(c) clearly apply to direct appeals to this Court from Board orders. Goonsuwan argues, however, that § 106(c)'s exhaustion requirement does not apply in habeas corpus proceedings brought pursuant to §

6

2241.[6] Goonsuwan's argument relies on our recent precedent which interpreted the language "shall not be reviewed by any court" in a separate provision of the permanent rules to bar only normal judicial review, and not collateral review. *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 305 (5th Cir. 1999).

While there are meaningful reasons to give the phrase a different interpretation under § 106(c), we need not rely on them as we have controlling precedent applying § 106(c) in habeas proceedings.[7] In *Santos v. Reno*, we stated broadly that a "[habeas] petition is subject to 8 U.S.C. § 1105a(c) [§ 106(c)]." 228 F.3d at 596. More specifically, this Court has found § 106(c) precludes a district court from reviewing a habeas petition when the petitioner has departed the United States. *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986). The departure limitation on judicial review is contained in the same clause as the exhaustion requirement. *See* § 106(c) ("An order of deportation or of exclusion shall not be reviewed by any court if the alien has not exhausted the administrative remedies available to him as of right under the immigration laws and regulations or

_____

[6] Goonsuwan brought his claim pursuant to § 2241 because he is statutorily ineligible under AEDPA § 309(c)(4)(G) for direct review by this Court of his deportation order because he committed two crimes involving moral turpitude. *Lerma de Garcia*, 141 F.3d at 216.

[7] A contrary interpretation under the permanent rules would have denied this Court any ability to exercise habeas jurisdiction over Board decisions. Whereas, under § 106(c) the interpretation does not preclude judicial review, but simply establishes an antecedent requirement to the district court's exercise of habeas jurisdiction over Board decisions.

7

if he has departed from the United States after the issuance of the order.").  Construing the departure limitation to apply in habeas, we concluded that "Congress 'meant what it said' when it provided that 'no court' may review a deportation order once deportation has occurred."  *Quezada v. INS*, 898 F.2d 474, 477 (5th Cir. 1990).  Similarly, no court may review a deportation order until an alien exhausts his administrative remedies.  If Goonsuwan failed to comply with the statutorily mandated exhaustion requirement in § 106(c), the district court was without jurisdiction to consider his petition.  *See Townsend v. INS*, 799 F.2d 179, 181 (5th Cir.1986) ("When exhaustion is statutorily mandated, the requirement is jurisdictional."); 8 Charles Gordon, Stanley Mailman, & Stephen Yale Loehr, IMMIGRATION LAW AND PROCEDURE § 1.04[3][a][iii] (Matthew Bender rev. ed. 2000) ("Because the INA statutorily mandates exhaustion in removal cases, the requirement is considered jurisdictional and nonwaivable when the matter at issue is within the competence of the agency . . . .").

*Did Goonsuwan exhaust his available administrative remedies?*

Our inquiry thus turns to what is required of Goonsuwan in order to exhaust his administrative remedies.  Specifically, must he file a motion to reopen with the BIA in order to exhaust his remedies.  Section 106(c) requires a petitioner to exhaust his remedies available "as of right."  Goonsuwan argues that the discretionary nature of a motion to reopen removes it from the category of remedies available "as of right."  As a general

matter, we agree with Goonsuwan and our sister circuits that the filing of a motion to reopen is not required to satisfy § 106(c)'s exhaustion requirement.  *Arango-Aradondo v. INS*, 13 F.3d 610 (2d Cir. 1994); *Gebremichael v. INS*, 10 F.3d 28, 33 n.13(1st Cir. 1993); *White v. INS*, 6 F.3d 1312 (8th Cir. 1993); *Rhoa-Zamora v. INS*, 971 F.2d 26 (7th Cir. 1992); *but see Dokic v. INS*, 899 F.2d 530, 532 (6th Cir.1990).

Motions to reopen immigration hearings are not authorized by statute, but by the Attorney General in a regulation promulgated pursuant to the INA.  *INS v. Doherty*, 502 U.S. 314, 322, 112 S.Ct. 719 (1992); 8 C.F.R. § 3.2 (1999).  This regulation, § 3.2, is framed in negative terms – stating that unless certain conditions are satisfied the Board shall not grant a motion to reopen.[8]  Conversely, if the conditions are met, § 3.2 merely permits, but does not require, the BIA to reopen the proceedings.

_____

[8] Section 3.2(c)(1) provides:

(1) A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation. A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing.

9

*See* 8 C.F.R. § 3.2(a) ("The Board has discretion to deny a motion to reopen even if the party moving has made out a prima facie case for relief."); 8 C.F.R. § 3.2(c)(1) ("[A] motion to reopen proceedings . . . *may be* granted if the alien demonstrates that he or she was statutorily eligible . . . .) (emphasis added). Given the broad discretion in the Attorney General to grant or deny a motion to reopen, it cannot be characterized as a remedy available "as of right." Thus, in general, a petitioner is not required to file a motion to reopen in order for the district court to have jurisdiction over his habeas petition.

This holding is consistent with our decision in *Ramirez-Osorio v. INS*, 745 F.2d 937 (5th Cir. 1984). In *Ramirez-Osorio*, the petitioners alleged a due process violation because they were not told of their right to seek asylum during their deportation hearing. The petitioners raised this claim before the BIA on direct appeal, however, they did not file a motion to reopen. In not requiring the petitioners to file a motion to reopen prior to our review of their claims, we noted the discretionary nature of motions to reopen;[9] the fact that a motion to reopen does not suspend deportation proceedings;[10] and that the petitioners were not presenting the type of claim typically considered in a motion

---

[9] "[T]he government's argument would require petitioners to pursue before our review a remedy that would not assure any hearing before deportation." *Id.* at 940.

[10] "There is no longer an automatic suspension of deportation pending the ruling upon the motion to reopen." *Id.* (citations omitted).

10

to reopen.[11]  Given the unavailability of administrative remedies to address their claims, we were persuaded that "motions to reopen the deportation hearings in order to petition for asylum are not *here* a sufficiently effective remedy that they must be pursued before an appeal to this court."  *Id.* at 940 (emphasis added).

Although the failure to file a motion to reopen does not always preclude judicial review, in the present case we find Goonsuwan's failure to raise his ineffective assistance of counsel claim before the BIA deprived the district court of jurisdiction to hear the issue.  In this regard, Goonsuwan's argument that the failure to file a motion to reopen is not required to exhaust administrative remedies misses the mark.  The appropriate inquiry is not whether Goonsuwan filed a motion to reopen, but rather whether he presented to the BIA the issue of ineffective assistance of counsel raised in his habeas petition, thus exhausting his administrative remedies *as to that issue*.

The petitioners in *Ramirez-Osorio* argued before the Board that the immigration judge should have informed them of their right to apply for asylum.  745 F.2d at 939.  Therefore, we had jurisdiction to consider that claim despite their failure to file a motion to reopen.  On the other hand, because Goonsuwan did not raise his procedural issue below, the district court was without

_____

[11] "[A] motion to reopen requires new evidence unavailable at the deportation hearing, petitioners conceded they had no new evidence but rather only an explanation that they did not know they could apply for asylum."  *Id.*

11

jurisdiction to consider it in his habeas petition.  *Pierre v. INS*, 932 F.2d 418, 421 (5th Cir. 1991) (citing 8 U.S.C. § 1105a(c)); *see Mamoka v. INS*, 43 F.3d 184, 187 (5th Cir. 1995) ("Because the BIA has not ruled on the issue, we will not consider it."); *Townsend v. INS*, 799 F.2d 179, 180 (5th Cir. 1986) (concluding that because the issues were not properly presented to the BIA "we are without jurisdiction to review petitioners' arguments"); *Yahkpua v. INS*, 770 F.2d 1317, 1320 (5th Cir. 1985) (petitioner "may not introduce on appeal issues that were not presented to or considered at the administrative level")).  Our precedent holding § 106(c) contains a jurisdictional bar where an issue sought to be raised was not first presented to the agency is in line with the position of other circuits.[12]

Even when exhaustion is a jurisdictional bar, this Court recognizes an exception "when administrative remedies are inadequate." *Ramirez-Osorio v. INS*, 745 F.2d 937, 939 (5th Cir.1984) (*citing NLRB v. Industrial Union of Marine and Shipbuilding Workers of America*, 391 U.S. 418, 426 n. 8, 88 S.Ct. 1717, 1723 n. 8, 20 L.Ed.2d 706 (1968)).  Similarly, the First

---

[12] *Sousa v. INS*, 226 F.3d 28, 32 (1st Cir. 2000) (citing *Mojsilovic v. INS*, 156 F.3d 743, 748-49 (7th Cir. 1998); *Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir. 1994); *Asencio v. INS*, 37 F.3d 614, 615-16 (11th Cir. 1994); *Ravindran v. INS*, 976 F.2d 754, 761 (1st Cir. 1992); *Rivera-Zurita v. INS*, 946 F.2d 118, 120 n. 2 (10th Cir. 1991); *Athehortua-Vanegas v. INS*, 876 F.2d 238, 240 (1st Cir. 1989); *Vargas v. INS*, 831 F.2d 906, 907-08 (9th Cir. 1987); *Bak v. INS*, 682 F.2d 441, 442-43 (3d Cir. 1982). *But see Rafeedie v. INS*, 880 F.2d 506, 526 (D.C.Cir. 1989) (Ruth Bader Ginsburg, J., concurring)).

Circuit stated "[e]ven where statutes impose an exhaustion requirement the Supreme Court has, despite the rhetoric of jurisdiction, carved out exceptions.  The best founded is one suggested by the Supreme Court, and explicitly recognized in this and other circuits, where resort to the agency would be futile because the challenge is one that the agency has no power to resolve in the applicant's favor."  *Sousa*, 226 F.3d at 32.  We find this exception inapplicable to the present case.

Unlike the claims presented in *Ramirez-Orosio*, the Board has a recognized procedure for considering claims of ineffective assistance of counsel:

> In *Matter of Lozada*, 19 I & N Dec. 637, 639, 1988 WL 235454 (BIA), aff'd 857 F.2d 10 (1st Cir.1988), the BIA set out three procedural requirements for supporting a claim of ineffective assistance of counsel as a basis for reopening. The BIA required: 1) an affidavit by the alien setting forth the relevant facts, including the agreement with counsel regarding the alien's representation; 2) evidence that counsel was informed of the allegations and allowed to respond, including any response; and 3) an indication that, assuming that a violation of "ethical or legal responsibilities" was claimed, a complaint has been lodged with the relevant disciplinary authorities, or an adequate explanation for the failure to file such a complaint.

*Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).  Having established a procedure for review of ineffectiveness claims, the BIA should be given the first opportunity to correct any procedural errors committed during Goonsuwan's hearing.  It is irrelevant that the procedural error alleged by Goonsuwan is couched in terms of a due process violation.  *Pierre*, 932 F.2d at 421; *Ravindran v. INS*, 976 F.2d 754, 762 (1st Cir. 1992); *Reid v. Engen*, 765 F.2d 1457, 1461 (9th Cir. 1985).  The available

13

administrative remedy, coupled with Congress' vesting of jurisdiction in the agency, counsels against permitting an exception to the jurisdictional exhaustion requirement for claims of ineffective assistance of counsel not raised before the BIA. *See Perez-Rodriguez v. INS*, 3 F.3d 1074, 1077 (7th Cir.1993) ("The Attorney General, and, by delegation, the immigration judge and the BIA, are vested with the primary authority to adjudicate an alien's deportability."). Goonsuwan must first present his claim of ineffective assistance of counsel to the BIA, either on direct appeal or through a motion to reopen, otherwise § 106(c) precludes judicial review of the issue.[13] *See Bernal-Vallejo*, 195 F.3d 56, 64 (1st Cir. 1999); *Stewart v. INS*, 181 F.3d 587, 596 (4th Cir. 1999); *Arango-Aradondo v. INS*, 13 F.3d 610, 614 (2d Cir. 1994); *Castaneda-Suarez v. INS*, 993 F.2d 142, 144-45 (7th Cir. 1993); *Akinwummi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1991); *Dokic v. INS*, 899 F.2d 530, 532 (6th Cir. 1990); *Roque-*

---

[13] The rationale for denying review was explained in *Bernal-Vallejo*, where the First Circuit reasoned:

> Usually issues not raised before the BIA may not be raised for the first time on a petition for review. This general rule is subject to the caveat that the BIA must have the power to address the matter as to which exhaustion is claimed. There are some claims of denial of due process or deprivation of constitutional rights that are exempt from this exhaustion requirement because the BIA has no power to address them. This case is not one of them. The BIA has procedures to hear ineffective assistance of counsel claims through a motion to reopen under 8 C.F.R. § 3.2(c).
> 195 F.3d at 64 (citations omitted).

14

*Carranza v. INS*, 778 F.2d 1373, 1374 (9th Cir. 1985).[14]

<u>Conclusion</u>

When a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy, the petitioner must raise the issue in a motion to reopen prior to resorting to review by the courts. By this holding we do not abdicate the responsibility of federal courts to protect constitutional rights. Goonsuwan must merely present his claim to the BIA first.[15] This is not a case in which there is no procedural mechanism presently available for Goonsuwan to bring his claim. *See Marcello v. INS*, 634 F.2d 964,

---

[14] Courts have enforced this principle with equal force in habeas proceedings. *See Hernandez v. Reno*, 238 F.3d 50, 55 (1st Cir. 2001) ("[A] district court should in general decline to entertain a habeas petition challenging competency of counsel."); *Liu v. Waters*, 55 F.3d 421, 424-26 (9th Cir. 1995).

[15] It is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside of the administrative record. *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44, 105 S.Ct. 1598, 1607 (1985). The review of BIA orders is no different, § 106(a)(4) limits review of Board orders solely to the administrative record. 8 U.S.C. § 1105a(a)(4). In the present case, Goonsuwan's claim of ineffective assistance of counsel relies on evidence not presented to the BIA. He argues that if his counsel had submitted the documentation provided by Goonsuwan, Goonsuwan would have been granted a waiver of deportation. The record established in the agency and submitted to the district court in this case is not sufficiently developed to make a proper determination of Goonsuwan's claim. The record submitted on appeal lacks even the transcripts from the relevant hearings before the administrative agency. Under such circumstances, even if not jurisdictionally barred, it would be imprudent to preempt established administrative procedures and decide Goonsuwan's claim on an incomplete record.

971 (5th Cir. 1981). Through established administrative procedures, Goonsuwan can seek to have his case reopened on the basis of exceptional circumstances – the ineffective assistance of counsel he received during and after his deportation hearing. 8 C.F.R. § 3.2(a) ("The Board may at any time reopen or reconsider on its own motion any case in which it has rendered a decision."); *see also Roque-Carranza*, 778 F.2d at 1374 (suggesting that proof of attorney's ineffectiveness would satisfy the requirement that evidence could not have been presented in the prior proceeding). Or perhaps, although we understand this option is unlikely, the INS would join Goonsuwan in filing a joint motion to reopen. 8 C.F.R. § 3.2(c)(3)(iii). In any event, if the BIA improperly denies his motion to reopen, Goonsuwan may then seek to vindicate his due process rights in the federal courts. We are confident that when presented with Goonsuwan's compelling new evidence, the BIA will give his claim due and proper consideration.

Judgment of the district court VACATED and REMANDED with instructions that the habeas corpus action be DISMISSED.

16