IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-60396

Summary Calendar

_____

JEANE LEE, PH.D.,

Plaintiff-Appellant,

versus

DR. LINDA MYERS COX and DR. GENE TICE,
IN THEIR INDIVIDUAL CAPACITIES,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Northern District of Mississippi
(1:00-CV-84-P-A)

_____

December 19, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant Jeane Lee brought this action against Appellee Linda Myers Cox and Gene Tice, her supervisors at Mississippi State University, alleging intentional interference with employment relations stemming from her forced resignation. The district court granted summary judgment, concluding that Lee failed to comply with the notice of claim requirement of the Mississippi Tort Claims Act (MTCA), that Cox and Tice's actions were discretionary and thus

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

they are immune under state law, and that Cox and Tice acted in good faith and thus their conduct is privileged under state law. Lee does not appeal her claims against Tice; she pursues an appeal only against Cox.

Mississippi State University is an organ of the State of Mississippi, and Mississippi's limited waiver of sovereign immunity in the MTCA imposes requirements upon those who seek to sue state employees who act within the course and scope of their employment. Lee does not dispute that Cox's recommendation was within the scope of her official duties, although Lee argues that Cox did not "act within the course and scope of her employment" for purposes of the statute. We find no merit in her argument.

Lee disputes the district court's conclusion that she failed to comply with the notice provisions of the MTCA. Compliance with the terms of the MTCA is a jurisdictional matter, and any issue of jurisdiction must be addressed by this Court, *sua sponte* if necessary.[1] We need not address this issue because we find that Lee's claims against Cox fall within the discretionary function exception of the MTCA and is thus barred by sovereign immunity, depriving us of subject matter jurisdiction to hear her claims.

The MTCA provides an exception to its general waiver of immunity, mandating that governmental entities and their employees shall not be liable for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary

---

[1] *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 (5th Cir. 2001).

function nor duty . . . whether or not the discretion was abused."[2] Recommending that an employee be dismissed is a quintessential exercise of discretion. The district court correctly found that Cox's behavior was discretionary and within the course and scope of her employment. Because Cox is exempt from liability, the district court's grant of summary judgment was appropriate.

AFFIRMED.

---

[2] Miss. Code. Ann. § 11-46-9 (1)(d).