IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60438
Summary Calendar

_____

QIRENG HUANG,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(A72 780 883)
--------------------
March 12, 2003

Before REAVLEY, BARKSDALE, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Qireng Huang, a Chinese citizen, appeals from the denial of his second motion to reopen his deportation proceedings. Motions to reopen deportation proceedings are not favored and are reviewed for abuse of discretion. See INS v. Doherty, 502 U.S. 314, 323 (1992); Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). An alien may proceed on a claim of ineffective assistance of counsel if the representation was so deficient as to render the deportation proceedings fundamentally unfair. See Matter of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lozada, 19 I. & N. Dec. at 637, 638 (BIA 1998); Goonsuwan

v. Ashcroft, 252 F.3d 383, 385 n.2 (5th Cir. 2001).  Thus, a

showing of prejudice is a prerequisite to a cognizable claim of

ineffective assistance of counsel.  See Lozada, 19 I. & N. Dec.

at 638; Goonsuwan, 252 F.3d at 385 n.2.

Huang does not dispute that his second motion to reopen his

deportation proceedings is untimely or barred by the numeric

limitation of 8 C.F.R. § 3.2.  Rather, he argues that equitable

tolling applies to his motion because his counsel was

ineffective.  Huang argues that his counsel advised him to assert

political persecution rather than China's coercive one-child

family planning policy as a ground for asylum.

Huang's first motion to reopen, which he filed pro se,

contains no reference to any such representation by counsel.

Rather, he stated that his application contained mistakes and

omissions because it was not completed by an attorney.  Even if

counsel advised Huang to omit his coercive family planning

argument, the record does not demonstrate that Huang's

deportation proceedings were fundamentally unfair.  Huang was

provided with a full deportation hearing and afforded a

translator for the entirety of the proceeding.  Even though Huang

made no mention at his hearing with respect to coercive family

planning, the BIA correctly determined that the immigration judge

independently reviewed his application and found no evidence of

persecution based upon the one-child policy.  The record also

reflects that the BIA thoroughly reviewed Huang's family planning claim in his <u>pro</u> <u>se</u> motion to reopen. Accordingly, Huang cannot establish that the proceedings were fundamentally unfair. <u>See</u> <u>Matter of Lozada</u>, 19 I. & N. Dec. at 638. Huang's petition for review is DENIED.