United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60748
Summary Calendar
_____

MIRIAM YOLANDA MALDONADO-ALVARADO,

                              Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                              Respondent.
                    --------------------
               Petition for Review of an Order of the
                    Board of Immigration Appeals
                       BIA No. A74 676 068
                    --------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Miriam Yolanda Maldonado-Alvarez (Maldonado) appeals a
decision of the Board of Immigration Appeals (BIA) dismissing a
motion to reopen her application for asylum and suspension of
deportation.  At a hearing before an Immigration Judge (IJ),
Maldonado voluntarily withdrew her application for asylum and
suspension of deportation and waived her rights to appeal in
exchange for the privilege of voluntary departure.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Maldonado does not dispute that her motion to reopen her application was filed after the expiration of the applicable statute of limitations, but she argues that the Immigration Judge should have reopened the proceedings <u>sua</u> <u>sponte</u> in order to prevent injustice because she withdrew her application in reliance on erroneous advice from her former attorney.

Our review of the BIA's decision not to reopen a deportation proceeding is "highly deferential," and motions to reopen deportation proceedings are "disfavored." <u>Lara v. Trominski</u>, 216 F.3d 487, 496 (5th Cir. 2000); <u>INS v. Doherty</u>, 502 U.S. 314, 323 (1992).

There is no Sixth Amendment right to counsel in deportation proceedings, but such proceedings must comply with constitutional principles of procedural due process. <u>Goonsuwan v. Ashcroft</u>, 252 F.3d 383, 385 n.2 (5th Cir. 2001). An alien's right to procedural due process is violated when counsel's representation at the deportation hearing is so deficient that the hearing is fundamentally unfair and the alien suffers "substantial prejudice" as a result. <u>Id.</u>

We AFFIRM because Maldonado has failed to establish that she was prejudiced by the withdrawal of her application for suspension of deportation. <u>See</u> <u>Hernandez-Cordero v. INS</u>, 819 F.2d 558, 560 (5th Cir. 1987) (en banc).

AFFIRMED.