United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-60967
Summary Calendar

———————————————

ESTHER ALICE BIIRA,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72-436-471
--------------------

Before REAVLEY, JONES and PRADO, Circuit Judges.

PER CURIAM:[*]

    Esther Alice Biira ("Biira") petitions for review of the
decision of the Board of Immigration Appeals affirming the
immigration judge's decision that Biira, a native and citizen of
Uganda, is not eligible for political asylum, withholding of
removal, or protection under the Convention Against Torture.  In
support of her petition, Biira has presented documents reflecting
that her sister and brother-in-law have been granted political

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

asylum by the United States.  However, this evidence was not part of the administrative record and may not be considered for the first time in this appeal.  See 8 U.S.C. § 1252(b)(4)(A); see Goonsuwan v. Ashcroft, 252 F.3d 383, 390 n.15 (5th Cir. 2001) ("It is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside of the administrative record."); Faddoul v. INS, 37 F.3d 185, 190 (5th Cir. 1994) (proper venue for proffering new evidence is through a motion to BIA reopen the case).

Substantial evidence supports the determination that Biira is ineligible for asylum or withholding of deportation on account of persecution, a well-founded fear of persecution, or a clear probability of persecution.  See Mikhael v. INS, 115 F.3d 299, 306 (5th Cir. 1997); Faddoul, 37 F.3d at 188.  Substantial evidence also supports the determination that Biira is ineligible for relief under the Convention Against Torture because Biira did not meet her burden of showing that it was more likely than not that she would be tortured upon returning to Uganda.  See Efe v. Ashcroft, 293 F.3d 899, 907 (5th Cir. 2002).

DENIED.