United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 03-30651
Summary Calendar

---

VITTORIO E. MONTEFUSCO,

Petitioner-
Appellant,

versus

CARL CASTERLINE,

Respondent-
Appellee.

-------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 02-CV-1425
-------------------------------------------------------------

Before SMITH, DeMOSS AND STEWART, Circuit Judges.

PER CURIAM:[*]

Vittoreo E. Montefusco, federal prisoner # 04259-082, appeals from the dismissal pursuant

to FED. R. CIV. P. 12(b)(1) of his 28 U.S.C. § 2241 petition for habeas corpus relief. Montefusco

challenges his 1997 deportation hearing, contending that his deportation proceedings were

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

fundamentally unfair because the Immigration Judge failed to advise him of his eligibility for discretionary relief under former § 212(c) of the Immigration and Nationality Act.

The transitional rules of the Illegal Immigrant Reform and Immigration Responsibility Act (IIRIRA) "apply to removal proceedings that commence before April 1, 1997[,] and conclude more than thirty days after September 30, 1996." Goonsuwan v. Ashcroft, 252 F.3d 383, 386 (5th Cir. 2001). Under the pre-IIRIRA law that was incorporated into the transitional rules, district courts were deprived of subject-matter jurisdiction to review orders of deportation after the alien was deported. Lara v. Trominski, 216 F.3d 487, 491-92 (5th Cir. 2000); 8 U.S.C. § 1105a(c)(1994)(repealed 1996).

We find no gross miscarriage of justice in Montefusco's 1997 deportation proceeding and his subsequent deportation. See Lara, 216 F.3d at 492-93. Accordingly, the district court lacked subject-matter jurisdiction over Montefusco's 28 U.S.C. § 2241 petition, and we affirm the district court's dismissal on that alternate basis. See Emery v. Johnson, 139 F.3d 191, 195 (5th Cir. 1997).

AFFIRMED.