**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 19, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50304
Summary Calendar

MYRVIN NYSUS,

　　　　　Petitioner-Appellant,

versus

JOHN ASHCROFT, U. S. ATTORNEY GENERAL; BUREAU OF IMMIGRATION
AND CUSTOMS ENFORCEMENT; VINCENT J. CLAUSEN, Director
Detention and Removal;

　　　　　Respondents-Appellees.

------------------------------------------------------------

MYRVIN NYSUS,

　　　　　Petitioner-Appellant,

versus

DEPARTMENT OF HOMELAND SECURITY; VINCENT J. CLAUSEN;
ALFREDO CAMPOS; GLEN SHALEEN; CORRECTION CORPORATION
OF AMERICA, (CCA); LANE BLAIR,

　　　　　Respondents-Appellees.

------------------------------------------------------------

MYRVIN NYSUS,

　　　　　Petitioner-Appellant,

versus

VINCENT J. CLAUSEN, Director in charge of Bureau of Immigration
and Customs Enforcement; TOM RIDGE, Secretary of Homeland
Security,

　　　　　Respondents-Appellees.

----------------------------------------------------------------

MYRVIN NYSUS,

                    Petitioner-Appellant,

versus

TOM RIDGE, SECRETARY, DEPARTMENT OF HOMELAND SECURITY;
BUREAU OF CUSTOMS AND IMMIGRATION ENFORCEMENT; DETENTION
& REMOVAL; VINCENT J. CLAUSEN, Director U.S. Field Office,
El Paso Division,

                    Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC Nos. EP-03-CV-256-FM
          EP-03-CV-428-FM
          EP-03-CV-503-FM
          EP-03-CV-361-FM
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Myrvin Nysus seeks leave to proceed in forma pauperis (IFP) on appeal and the appointment of counsel. The district court dismissed Nysus's 28 U.S.C. § 2241 petition and certified that his appeal was not taken in good faith.

Nysus, who has been deported pursuant to an order of removal, argues that the conviction forming the basis for his removal is not an aggravated felony, was not a final conviction, and should not have been used to detain him. He contends that he was denied due process in the immigration proceedings because his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

attorney abandoned him and the judge was not impartial.  He seeks
to have the order of removal reversed and to be returned to the
United States.

Nysus also asserts that his Eighth Amendment rights were
violated while he was confined at the Correctional Corporation of
America Federal Detention Facility in Estancia, New Mexico (CCA).
In particular, he asserts that, despite voicing safety concerns,
he remained detained at CCA where he was attacked by three
inmates and suffered serious head injuries.  He also contends,
for the first time on appeal, that there was a delay of an hour
after the attack before he received medical treatment.

To proceed IFP, a litigant must be economically eligible,
and his appeal must not be frivolous.  Carson v. Polley, 689 F.2d
562, 586 (5th Cir. 1982).  Nysus was ordered removed pursuant to
8 U.S.C. § 1227(a)(2)(E)(E)(i), which provides for deportation of
an alien convicted of a stalking crime.  Therefore, his assertion
that he should not have been deported for having committed an
aggravated felony is misplaced.  Nysus's stalking conviction was
final for immigration purposes at the time he was detained.  See
Moosa v. INS, 171 F.3d 994, 1009-10 (5th Cir. 1999).

Nysus's attorney in the immigration proceedings was allowed
to withdraw after Nysus expressed his dissatisfaction with the
attorney's representation.  Nysus has not shown any prejudice
from the lack of representation during the remainder of his

immigration proceedings.  See Goonsuwan v. Ashcroft, 252 F.3d 383, 385 n. 2 (5th Cir. 2001).

Nysus does not address the district court's denial of his Federal Tort Claim Act (FTCA) claims for failure to exhaust his administrative remedies.  Therefore, he has abandoned any FTCA claims on appeal.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  Additionally, Nysus has failed to specify any acts of named individual respondents that would state a claim for the alleged Eighth Amendment violations under Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999).

Because Nysus has not raised any nonfrivolous issues for appeal, his motions for leave to proceed IFP and the appointment of counsel are DENIED, and his appeal is DISMISSED AS FRIVOLOUS. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.