**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 16, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50768
Summary Calendar

PRAMIT SANCHEZ,

                                        Petitioner-Appellant,

        versus

GRACIELA WINFREY, as Interim Field
Office Director for Detention and
Removal for the U.S. Immigration
and Customs Enforcement; BUREAU OF
IMMIGRATION AND CUSTOMS ENFORCEMENT,
as an agency of the Government of the
United states of America; DEPARTMENT
OF HOMELAND SECURITY, as an agency
of the Government of the United States
of America; MICHAEL CHERTOFF, SECRETARY,
DEPARTMENT OF HOMELAND SECURITY;
ALBERTO L. GONZALEZ, U.S. ATTORNEY GENERAL,

                                        Respondents-Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:04-CV-293

Before GARWOOD, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pramit Sanchez (Sanchez) is a native and citizen of Thailand. Sanchez married an American named Michael Sanchez (Michael) in 1990. On October 19, 1990, the Immigration and Naturalization Service (INS) granted Sanchez conditional permanent residence on the basis of this marriage. This condition was lifted on October 16, 1992.

The marriage ended in divorce in June of 1993. Acting on an anonymous tip, the INS initiated an investigation on July 26, 1994 into the possibility that the marriage had been a fraud whose only purpose was to obtain permanent residency for Sanchez. This investigation eventually resulted in a decision by an Immigration Judge (IJ), rendered on July 31, 1997, that the marriage was in fact a sham and Sanchez was subject to removal.

Sanchez appealed this decision to the Board of Immigration Appeals (BIA), which on July 10, 2002 summarily affirmed the IJ. She next appealed to this court. In that appeal, she raised, *inter alia*, a statute of limitations argument that she had not presented to the IJ or the BIA. The panel concluded that this issue was not ripe for review because she had not exhausted her administrative remedies. *Sanchez v. Ashcroft*, 2003 WL 22013551 at **1 (5th Cir. August 26, 2003) (per curiam).

While her appeal to this court was pending, Sanchez filed a motion to reconsider with the BIA, requesting permission to depart the United States voluntarily, a privilege which the IJ had

2

denied.[1]  Following the above-cited decision of this court, Sanchez

filed a second motion for reconsideration with the BIA in which she

pleaded her statute of limitations claim.  The BIA summarily denied

this motion on March 3, 2004 on procedural grounds, citing 8 C.F.R.

§ 1003.2(b)(2) (2003), which limits a petitioner to one motion to

reconsider.

Sanchez then filed the instant petition for habeas review in

which she raised statute of limitations and procedural due process

claims.  The district court concluded that it lacked jurisdiction

over her statute of limitations claim and, though it had

jurisdiction over the due process issue, ruled that Sanchez failed

to state her constitutional claim with particularity sufficient to

establish an Article III case or controversy.  It is from this

disposition that Sanchez now appeals.

Before we reach the merits of Sanchez' petition, we must, as always, be certain of both our own jurisdiction and the jurisdiction of the district court.  *Goonsuwan v. Ashcroft*, 252 F.3d 383, 385 (5th Cir. 2001).  The extent of our jurisdiction, as well as that of the district court, to review Sanchez' order of removal is set forth in the transitional rules of the Illegal Immigration Reform and Immigration Responsibility Act (IIRIRA) of 1996.[2]  *Id.* at 386.  These transitional rules incorporated section

---

[1] The BIA rendered a decision on this motion on March 12, 2003, though the record does not contain a copy of the disposition.

[2] The transitional rules apply because the deportation proceedings were initiated before IIRIRA's effective date of April 1, 1997 and were not concluded until at least 30 days after September 30, 1996.  *Goonsuwan*, 252 F.3d at 386 (citing *Lerma de Garcia v. INS*, 141 F.3d 215, 216 (5th Cir. 1998)); IRRIRA § 309(c)(4).

106(c) of the INA, 8 U.S.C. § 1105a, which provided that:[3]

> "No petition for review or for habeas corpus shall be entertained if the validity of the order has been previously determined in any civil or criminal proceeding, unless the petition presents grounds which the court finds could not have been presented in such prior proceeding, or the court finds that the remedy provided by such prior proceeding was inadequate or ineffective to test the validity of the order."

The validity of Sanchez' order of removal was determined by the civil proceeding that began with her appearance before the IJ and culminated with her first appeal to this court. As such, neither the district court nor this panel is authorized to exercise jurisdiction over her habeas petition unless it presents grounds that Sanchez could not have presented in the prior proceeding.

The sole basis of Sanchez' habeas petition is her claim that the five-year statute of limitations, codified at 8 U.S.C. § 1256(a), barred the Attorney General from rescinding her permanent residency. We discern no reason why this defense could not have been asserted before the IJ because this statute of limitations was in effect when the INS commenced removal proceedings on September 5, 1996.[4] Nor is there any reason to conclude that the prior civil

---

[3] 8 U.S.C. § 1105a was repealed by IIRIRA § 306(b), Pub. L. 104-208, and the effective date of repeal is the same as the effective date of IRRIRA, April 1, 1997.

[4] Sanchez in fact raised the statute of limitations defense in a response sent to the INS on March 28, 1996 concerning a June 23, 1995 "Notice of Intention to Rescind Adjustment of Status[.]" The INS decided not to take action on this notice and instead, on September 5, 1996, issued the order to show cause that eventually resulted in the order of removal at the heart of this case.

proceeding would have been an inadequate or ineffective forum in which to test the validity of the removal order.  The district court, therefore, should have dismissed her habeas petition in its entirety for want of jurisdiction.

## Conclusion

The judgment of the district court is affirmed but on the alternate grounds set forth in this opinion.

---

There is nothing in the record to explain why Sanchez did not raise the statute of limitations argument during the show cause proceeding.

5