United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60016
Summary Calendar
_____

DAGOBERT DONGHO VOUTSA

Petitioner

v.

ALBERTO R GONZALES, US ATTORNEY GENERAL

Respondent

---------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 919 702
---------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Cameroonian citizen Dagobert Dongho Voutsa petitions for review of the order of the Board of Immigration Appeals (BIA) adopting the decision of the Immigration Judge (IJ) denying him asylum, withholding of deportation, and relief under the Convention Against Torture (CAT). Voutsa argues that the IJ erred as a matter of law and violated the Due Process Clause by finding that his asylum application was untimely; that the IJ deprived him of due process by denying his motion for a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

continuance; and that this court should overturn the IJ's credibility determinations.

Whether or not Voutsa actually challenged the IJ's untimeliness determination before the BIA, we lack jurisdiction over that determination. The REAL ID Act of 2005, P.L. 109-13, Division B, 119 Stat. 231 (May 11, 2005), did not provide us with jurisdiction to review administrative findings on the timeliness of Voutsa's asylum application. See Babo v. Gonzales, 172 F. App'x 69, 72 n.6 (5th Cir. 2006) (unpublished).

Voutsa failed to exhaust his administrative remedies for the IJ's denial of a continuance. We lack jurisdiction to address Voutsa's challenge to this denial. See Goonsuwan v. INS, 252 F.3d 383, 390 (5th Cir. 2001).

To the extent that Voutsa challenges the IJ's credibility determinations regarding his requests for withholding of removal and relief under the CAT, the record does not compel us to overturn the IJ's determination that Voutsa was not credible. See Lopez De Jesus v. INS, 312 F.3d 155, 161 (5th Cir. 2002). Voutsa's detailed testimony at the removal hearing regarding his arrests and detention contrasted with the lack of detail he provided in his asylum interview. Voutsa maintained his employment with the Cameroon Telecommunication Company throughout the period during which he alleged he was arrested and detained on five occasions. Voutsa acknowledged that he consulted a physician only once during the period he claimed to have been

arrested and tortured, but he could not remember the physician's name.  Moreover, Voutsa alleged detention and torture in 1998 and 1999, yet he waited until 2003 to seek asylum based on that mistreatment.  Voutsa is highly educated and, therefore, could be expected to obtain information about his options, despite his testimony that he did not explore those options before 2003 because he did not know anybody who could advise him on the subject of asylum.

PETITION DENIED.