**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 19, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-60188
Summary Calendar

JOSE ISRAEL GUEVARRA,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 160 049
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner Jose Israel Guevarra, a native and citizen of El Salvador, petitions for review of the

decision of the Board of Immigration Appeals (BIA) that, affirming without opinion, affirmed the

decision of the Immigration Judge (IJ). The IJ had determined that Guevarra was statutorily eligible

for relief under the Nicaraguan Adjustment and Central American Relief Act of 1997 (NACARA),

8 U.S.C. § 1229b(b)(1), but exercised discretion and denied Guevarra relief .

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Guevarra argues that the IJ lacked statutory authority to exercise discretion and committed "fundamental error" by failing to determine whether Guevarra had previously been granted asylum. But, Guevarra did not present these claims to the BIA, which has adequate mechanisms to address the errors alleged. As such, Guevarra's claims are unexhausted, so we lack jurisdiction to review them. 8 U.S.C. § 1252(d)(1); see Wang v. Ashcroft, 260 F.3d 448, 452-453 (5th Cir. 2001); Goonsuwan v. Ashcroft, 252 F.3d 383, 389-90 (5th Cir. 2001).

Guevarra also challenges the IJ's discretionary denial of relief. We have has no jurisdiction "to review . . . any judgment regarding the granting of relief under section . . . 1229(b)." § 1252(a)(2)(B)(i). Notwithstanding Guevarra's attempt to circumvent this jurisdictional bar pursuant to § 1252(a)(2)(D) by characterizing his claims as questions of law, we lack jurisdiction to hear his claims. See Adrade v. Gonzales, 459 F.3d 538, 542 (5th Cir. 2006); Mireles-Valdez v. Ashcroft, 349 F.3d 213, 216 (5th Cir. 2003).

DISMISSED.