# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2010

No. 09-60477
Summary Calendar

Lyle W. Cayce
Clerk

CONRADO COLOME RODRIGUEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A094 931 828

Before WIENER, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Conrado Colome Rodriguez, a native and citizen of Cuba, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to remand the matter for further proceedings and dismissing his appeal of the Immigration Judge's order denying his application for asylum and withholding of removal. Rodriguez argues that the Immigration Judge (IJ) breached his duty to develop the record in this case, especially because Rodriguez was not represented at the merits hearing. He also argues that the BIA erred by denying

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his motion to remand the case to the IJ so that he could apply for adjustment of status under the Cuban Refugee Adjustment Act of 1966.

"Failure to exhaust an issue creates a jurisdictional bar as to that issue." *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (internal quotation marks and citation omitted). "An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the BIA—either on direct appeal or in a motion to reopen." *Id.* (internal quotation marks and citation omitted). "When a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy, the petitioner must raise the issue in a motion to reopen prior to resorting to review by the courts." *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001).

In his brief before the BIA, Rodriguez asserted that the IJ "abused his discretion when he failed to make further inquiry into [Rodriguez's] claims of past persecution and/or a well-founded fear of future persecution." However, he went on to argue only the merits of the IJ's determination that he was not eligible for asylum and withholding of removal in light of the record. Rodriguez's assertion that the IJ abused his discretion by failing to make a more detailed inquiry into the underlying facts, without inclusion of any argument or analysis relevant to this contention in his BIA brief, does not amount to exhaustion of the issue of whether the IJ breached his duties with respect to the development of the record. *See Omari v. Holder*, 562 F.3d 314, 319, 321 (5th Cir. 2009).

A motion to reopen or remand proceedings for the purpose of submitting an application for relief "must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). Rodriguez did not provide the BIA with a copy of his application for adjustment of status under the Cuban Refugee Adjustment Act of 1966. Accordingly, the BIA did not abuse

its discretion by denying Rodriguez's motion to remand. *See Waggoner v. Gonzales*, 488 F.3d 632, 639 (5th Cir. 2007).

DISMISSED IN PART FOR LACK OF JURISDICTION; DENIED IN PART.