# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60480
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2015

Lyle W. Cayce
Clerk

HARDEEP SINGH,

Petitioner

v.

ERIC H. HOLDER, JR.; U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 973 984

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Hardeep Singh, a native and citizen of India, petitions for review of the denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Singh admitted that he is removable, but he contends that, if he is removed to India, he will face persecution and torture because he is a Sikh who supports a Sikh political party. The immigration judge (IJ) presumed that Singh had experienced past persecution but found that the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Department of Homeland Security (DHS) had presented documentary evidence showing that Singh could avoid future persecution or torture by relocating within India.  The Board of Immigration Appeals (BIA) agreed and dismissed Singh's appeal.

First, Singh argues that he received ineffective assistance of counsel under *Padilla v. Kentucky*, 559 U.S. 356 (2010), because he proceeded pro se before the IJ.  He also argues that a remand is necessary to address the very recent changes in the country conditions in India.  We can review a final order of removal only when "the alien has exhausted all administrative remedies available to the alien as of right."  8 U.S.C. § 1252(d)(1).  "Failure to exhaust an issue creates a jurisdictional bar as to that issue."  *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *see also Omari v. Holder*, 562 F.3d 314, 324-25 (5th Cir. 2009).  Because Singh did not raise either of these issues before the BIA, and because he does not establish an exemption from the exhaustion requirement, we lack jurisdiction to consider them.  *See* § 1252(d)(1); *Roy*, 389 F.3d at 137; *see also Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001).  Accordingly, these portions of Singh's petition for review are dismissed for lack of jurisdiction.

Next, Singh argues that the BIA erred in determining that he had not established his eligibility for asylum, withholding of removal, and CAT protection.  We review the factual determination that an alien is not eligible for asylum, withholding of removal, or relief under the CAT under the substantial evidence standard.  *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  It is the petitioner's burden to demonstrate that the evidence compels a contrary conclusion.  *See Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).  The IJ found that Singh could relocate within India to avoid the persons and harm he fears.  The BIA concluded that the IJ's findings were

supported by the record.  Singh is not entitled to asylum because he fails to show that the evidence compels a finding that he has a "well-founded fear" of persecution.  *See Sharma v. Holder*, 729 F.3d 407, 411-13 (5th Cir. 2013).  Accordingly, he cannot make the more difficult showing of an objective "clear probability" that he will be persecuted, as is required for withholding of removal.  *See Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006).  With respect to the denial of relief under the CAT, Singh can avoid the likelihood of torture, as well as persecution, by relocating within India.  *See id.* at 595-96.  Because Singh has failed to show that the evidence compels a ruling in his favor concerning asylum, withholding of removal, or relief under the CAT, *see Zhang v. Gonzales,* 432 F.3d 339, 344 (5th Cir. 2005), this portion of his petition for review is denied.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.