# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60850
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 16, 2019

Lyle W. Cayce
Clerk

JASHANPREET SINGH,

Petitioner,

versus

MATTHEW G. WHITAKER, Acting U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 209  939  650

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Jashanpreet Singh, a native and citizen of India, petitions for review of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60850

an order of the Board of Immigration Appeals ("BIA") upholding the denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Singh, a member of the Shiromani Akali Dal Amritsar Mann Party ("Mann Party"), claimed that he was slapped and threatened by three members of the Bharatiya Janata Party ("BJP") in December 2015 and was beaten by four BJP members in April 2016 for five or six minutes. One of the attackers in the April 2016 incident also displayed a pistol, which caused Singh to fear for his life.

Singh contends that the BIA erred in finding that he failed to establish past persecution based on the December 2015 and April 2016 incidents. The BIA's determination that an alien is not eligible for asylum or withholding of removal is reviewed under the substantial evidence standard, *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006), under which we will uphold the decision unless the evidence compels a contrary conclusion. *Id.*

According to Singh's testimony, the December 2015 incident did not require medical treatment and was not serious enough to warrant a police report. Singh's injuries from the April 2016 incident did not require hospitalization and were treated merely with pain medication, an ointment from the village doctor, and rest for about a week. Extreme conduct is required for harm to qualify as persecution. *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). The evidence does not compel the conclusion that Singh suffered mistreatment rising to the level of persecution. *See id.*; *Eduard v. Ashcroft*, 379 F.3d 182, 187−88 (5th Cir. 2004).

Singh challenges the BIA's finding that he did not have a well-founded fear of future persecution because he could safely and reasonably relocate to another part of India. Singh's bare assertion that the BJP controlled all of India as the country's ruling party is insufficient to demonstrate that the gov-

No. 17-60850

ernment was the persecutor or sponsored the persecution.  *See* 8 C.F.R. § 208.13(b)(3)(i); 8 C.F.R. § 208.16(b)(3)(i).  Accordingly, Singh had the burden of showing that internal relocation was unreasonable.  *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445−46 (5th Cir. 2001).

The evidence indicates that Singh was a low-ranking member of the Mann Party and was not harmed or threatened after he began living with his aunts about twenty-five kilometers from his house.  Though he testified that he remained in hiding during the three or four months he lived with his aunts before departing India, he gave no indication that BJP members ever searched for him or conveyed any threats against him after he moved from his house.  Substantial evidence supports the BIA's determination that Singh could safely and reasonably relocate within India.  *See Lopez-Gomez*, 263 F.3d at 446.

For the first time here, Singh contends that he can establish a well-founded fear of future persecution because he intends to lead the Mann Party against the BJP, a course of conduct that would place him at risk of persecution.  Because Singh did not present that argument before the BIA, it is un-exhausted, so we lack jurisdiction to consider it.  *See* 8 U.S.C. § 1252(d)(1); *Ramos-Torres v. Holder*, 637 F.3d 544, 547 (5th Cir. 2011).

Given that Singh has not met his burden concerning eligibility for asylum, he also has not satisfied the more demanding showing required for withholding of removal.  *See Chen*, 470 F.3d at 1138.  Furthermore, Singh has abandoned the issue of protection under the CAT, as he does not address the BIA's determination that he waived the issue by failing to contest it meaningfully before the BIA.  *See Singh v. Sessions*, 898 F.3d 518, 521 (5th Cir. 2018).

Singh seeks remand for consideration of new evidence and claims of ineffective assistance of counsel that he raises for the first time in this court.

No. 17-60850

Those matters are unexhausted and thus jurisdictionally barred from review. *See* § 1252(d)(1); *Rui Yang v. Holder*, 664 F.3d 580, 588 (5th Cir. 2011); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 389−90 (5th Cir. 2001).

Singh's motion to file an out-of-time reply brief is GRANTED, and his petition for review is DENIED.