**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 5, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-60046
Summary Calendar

———————————————

ISMAIL AHMAD ABEDI; NOUHA KHODR AGHA;
WAEL ABEDI; NIVINE ABEDI; RAYAN ABEDI;
RAED ABEDI,

Petitioners,

versus

JOHN ASHCROFT, U S ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA Nos. A77-246-777
A77-246-771
A77-246-774
A77-246-775
A77-246-776
A77-246-778
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ismail Ahmad Abedi ("Abedi"), a stateless Palestinian and
native of Lebanon, his wife Nouha Khodr Agha, a citizen and
native of Lebanon, and their children, Wael Abedi, Nivine Abedi,
Rayan Abedi, and Raed Abedi, all stateless Palestinians and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

natives of Lebanon, petition this court for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") order denying Abedi's requests for asylum, withholding of removal, and voluntary departure. The other petitioners' claims are all dependent upon the resolution of Abedi's claims. When, as here, the BIA summarily affirms the IJ's decision without opinion, we review the IJ's decision. See Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997).

Abedi argues that the IJ's denial of his request for voluntary departure violated his due process rights. Abedi, however, did not challenge the IJ's denial of his request for voluntary departure before the BIA. An alien's failure to exhaust an issue before the BIA serves as a jurisdictional bar to our consideration of the issue. Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001). As the BIA had the power to address this claim, it does not fall under the exception to the exhaustion requirement for due process claims and we are is without jurisdiction to consider it. See Goonsuwan v. Ashcroft, 252 F.3d 383, 389-90 & n.13 (5th Cir. 2001). Accordingly, regarding the denial of Abedi's request for voluntary departure, the petition for review is DISMISSED for lack of jurisdiction.

Abedi argues that the IJ's denial of his requests for asylum and withholding of removal were not supported by substantial evidence. Because the IJ's finding that Abedi's allegations of past persecution and fear of future persecution were not credible

was sufficient to support his ruling and because Abedi has not shown that the record compels a contrary conclusion, we will not substitute our judgement for that of the IJ with respect to his credibility determination. See Chun v. INS, 40 F.3d 76, 78-79 (5th Cir. 1994). Because Abedi has not shown that he was eligible for asylum, he has not shown that he has met the stricter standards for eligibility for withholding of removal. See Mikhael, 115 F.3d at 306 & n.10.

Abedi further argues that his case did not meet the BIA's requirements for issuance of an affirmance without opinion pursuant to 8 C.F.R. § 1003.1(e)(4) and that the BIA's use of this summary affirmance procedure violated his due process rights. The due process argument is without merit. See Soadjede v. Ashcroft, 324 F.3d 830, 832-33 (5th Cir. 2003) (rejecting due process challenge to a similar summary affirmance procedure set forth in 8 U.S.C. § 1003(a)(7)). Because the decision of the IJ was correct and did not raise novel or substantial factual or legal questions, the decision met the criteria for a summary affirmance pursuant to § 1003.1(e)(4). The remainder of the petition for review is, therefore, DENIED.

DISMISSED IN PART; DENIED IN PART.