United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60567
Summary Calendar
_____

MARIA JAQUELINA VARGAS PEREZ,

                                        Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
(BIA No. A75 478 436)
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

    Petitioner Maria Jaquelina Vargas Perez, a citizen of Mexico, petitions for review of an order from the Board of Immigration Appeals ("BIA") affirming the decision of the immigration judge ("IJ") to deny her application for cancellation of removal under the Immigration and Nationality Act and voluntary departure. In her petition, Vargas Perez argues that: (1) the BIA violated her due process rights by issuing a summary affirmance of the IJ's denial; (2) the IJ violated her due process rights by failing to

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rule on her asylum application; and (3) her various counsel during her proceedings before the IJ rendered ineffective assistance by failing to raise the asylum issue.

Respondent has filed a motion seeking dismissal of Vargas Perez's instant petition for lack of jurisdiction on the ground that Vargas Perez failed to exhaust all of her available administrative remedies.  Our examination of the record confirms that Vargas Perez failed to raise these claims before the BIA on appeal or in a motion to reopen the proceedings.  Her failure to exhaust her administrative remedies deprives us of jurisdiction to consider the instant petition.  See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001); 8 U.S.C. § 1252(d)(1)(1999).  Although Vargas Perez argues that the exhaustion requirement should be waived under the futility exception, she fails to allege facts warranting application of that exception.  See Goonsuwan v. Ashcroft, 252 F.3d 383, 389 (5th Cir. 2001).

Accordingly, we grant the respondent's motions to waive the requirement to file a brief and to dismiss the instant petition for lack of jurisdiction, and we dismiss Vargas Perez's petition and deny all outstanding motions.

Motion to waive requirement to file brief GRANTED; motion to dismiss GRANTED; petition DISMISSED for lack of jurisdiction; all outstanding motions DENIED.