United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 9, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 05-10079
Summary Calendar
_____

PETER CHIMEZIE ADIEMEREONWU,

Petitioner - Appellant,

versus

ALBERTO R. GONZALES, U. S. ATTORNEY GENERAL; MICHAEL CHERTOFF,
SECRETARY, DEPARTMENT OF HOMELAND SECURITY; ANGELA K. BARROW,
Bureau of Immigration & Customs Enforcement District
Director - Dallas Bureau of Immigration & Customs Enforcement
Services; NURIA PRENDES, Interim Director, Bureau of
Immigration & Customs Enforcement,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:04-CV-210

_____

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Peter Chimezie Adiemereonwu ("Adiemereonwu") appeals the
district court's dismissal, without prejudice as to his complaints
about deportation proceedings, and with prejudice regarding his
complaints about the denial of bond, of his 28 U.S.C. § 2241
Petition for Writ of Habeas Corpus by a Person in Federal Custody.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We affirm the judgment of the district court for the following reasons:

1. We agree with the district court's reasoning and analysis set forth in its Order.

2. Although he argues that he is not a removable alien, Adiemereonwu concedes that agency proceedings in his case are still ongoing. Further, neither Adiemereonwu nor the government made any showing that the Bureau of Immigration and Customs Enforcement has issued an order of removal regarding Petitioner. "[A] court may review a final order of removal only if the alien has exhausted all his administrative remedies." 8 U.S.C. § 1252(d)(1). Thus, Adiemereonwu has not exhausted his administrative remedies, serving as a jurisdictional bar to this Court's consideration of the issue. Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001) ("An alien fails to exhaust his administrative remedies with respect to an issue when the issue is not raised in the first instance before the [Bureau of Immigration Appeals] – either on direct appeal or in a motion to reopen.") ("Because it is statutorily mandated, an alien's failure to exhaust his administrative remedies serves as a jurisdictional bar to [a court's] consideration of the issue."); Goonsuwan v. Ashcroft, 252 F.3d 383, 390 (5th Cir. 2001) ("When a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy, the petitioner must raise the issue in a motion to reopen prior to resorting to review by the courts.") .

2

3.    Adiemereonwu also contends that his being held without bond during the pendency of his removal proceedings violates due process.  This argument lacks merit.  <u>See</u> <u>Demore v. Kim</u>, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

For the stated reasons, the district court's judgment is

AFFIRMED.