United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60636
Summary Calendar

MARGARTIA DAVTIAN, also known as Margarita Davtian,
also known as Margarita Garner,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of
the Board of Immigration Appeals
No. A70 646 808
--------------------

Before SMITH, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Margartia Davtian petitions for review of an order of the
Board of Immigration Appeals ("BIA") that affirmed the determina-
tion of the immigration judge ("IJ") denying, as untimely, her
motion to reopen her deportation proceedings. Davtian argues that
she is entitled to equitable tolling based on the alleged ineffec-
tive assistance of attorneys Roy Petty and Maggie Mills. Davtian

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circum-
stances set forth in 5TH CIR. R. 47.5.4.

also contends that the IJ breached the IJ's duties toward her and that her proceedings are void on account of deficiencies in the order to show cause. We review the denial of a motion to reopen for abuse of discretion. INS v. Doherty, 502 U.S. 314, 323-24 (1992).

We have not issued a published opinion squarely adopting the doctrine of equitable tolling in the context of a motion to reopen immigration proceedings. Nevertheless, even if we assume, without deciding, that such tolling is available to Davtian, she has not established that she is entitled to it.

The record does not show that Davtian has filed an appropriate complaint in relation to Petty's alleged deficiencies. She thus has not adduced sufficient information to support her claim of ineffective assistance of counsel in relation to her deportation proceedings. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000). Further, even if Davtian had produced the pertinent documents, she would not be entitled to equitable tolling based on Petty's performance, because his alleged deficiencies had no bearing on the timeliness vel non of her motion to reopen. Davtian's argument that she is entitled to equitable tolling based on Petty's performance is unavailing.

Davtian's contention that she is entitled to equitable tolling based on Mills's performance was raised for the first time in her petition for review. This claim is thus unexhausted, so we decline to consider it. See Ramirez-Molina v. Ziglar, 436 F.3d 508, 513

(5th Cir. 2006); <u>Wang v. Ashcroft</u>, 260 F.3d 448, 452-53 (5th Cir. 2001); <u>Goonsuwan v. Ashcroft</u>, 252 F.3d 383, 387 (5th Cir. 2001).

Davtian's claims concerning the IJ's purported breach of the IJ's duties and the alleged deficiencies in the IJ's order to show cause were not presented to the BIA. Accordingly, we will not consider them. See <u>Ramirez-Molina</u>, 436 F.3d at 513; <u>Wang</u>, 260 F.3d at 452-53; <u>Goonsuwan</u>, 252 F.3d at 387.

The petition for review is DENIED.