IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60146
Summary Calendar

JOSE ENRIQUE IXCHOP SOLIS

Petitioner

v.

MICHAEL B. MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A29 914 220

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Enrique Ixchop Solis (Ixchop) is a 35-year old male who is a native and citizen of Guatemala. He seeks review of the denial of his applications for asylum, withholding of deportation, relief under the Convention Against Torture (CAT), and cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act (NACARA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On a petition for review of a decision by the Board of Immigration Appeals (BIA), this court reviews factual findings for substantial evidence and questions of law de novo. Lopez-Gomez v. Ashcroft, 263 F.3d 442, 444 (5th Cir. 2001). This court reviews the order of the BIA and will consider the underlying decision of the Immigration Judge (IJ) only if it influenced the BIA's determination. Mikhael v. INS, 115 F.3d 299, 302 (5th Cir. 1997). Because the IJ's decision in this case influenced the BIA's decision, the IJ's decision must be considered. See id.

The Attorney General has the discretion to grant asylum to refugees. 8 U.S.C. § 1158(b)(1). A refugee is a person who is outside of his or her country and is unable or unwilling to return "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "The applicant may qualify as a refugee either because he or she has suffered past persecution or because he or she has a well-founded fear of future persecution." 8 C.F.R. § 208.13(b).

Ixchop fails to advance a cogent argument relative to past persecution. Because Ixchop did not argue to the BIA that he suffered past persecution because of his political opinion, this court lacks jurisdiction to review his argument regarding the same in the instant appeal. See Goonsuwan v. Ashcroft, 252 F.3d 383, 385-86 (5th Cir. 2001); Wang v. Ashcroft, 260 F.3d 448, 453 (5th Cir. 2001). Ixchop's hearing testimony directly contradicts his assertion that he suffered past persecution at the hands of the guerrillas because he is Mayan. See INS v. Elias-Zacarias, 502 U.S. 478, 482 (1992).

Because Ixchop did not prove past persecution, he is not entitled to a presumption of a fear of future persecution. Cf. 8 C.F.R. § 208.13(b)(1). Further, because Ixchop did not argue to the BIA that he feared future persecution based on his political opinion, this court will not review whether political opinion serves as a basis for his feared future persecution. See Wang, 260 F.3d at 453.

To the extent that Ixchop bases his feared persecution on his ethnicity, his arguments are unavailing. The affidavits on which Ixchop relies do not state why his cousin was killed. Moreover, articles on which Ixchop relied at his removal hearing describe killings of Mayans that were alleged to have happened more than 20 years ago. Nor does the State Department's country report on Guatemala support his claims. Thus, Ixchop fails to present evidence of a pattern or practice of persecution to which he would be subject as a Mayan upon his return to Guatemala. Zhao v. Gonzales, 404 F.3d 295, 307 (5th Cir. 2005).

Ixchop's failure to establish eligibility for asylum is dispositive of whether he is entitled to withholding of removal. See Eduard v. Ashcroft, 379 F.3d 182, 186 n.2 (5th Cir. 2004).

Ixchop fails to establish that he is entitled to relief under the CAT because he presents no evidence that the alleged torture he suffered at the hands of the guerrillas was with the acquiescence of the Guatemalan government or that he is likely to be tortured by the Guatemalan government on his return. See 8 C.F.R. §§ 208.18(a)(1); 1208.16(c)(3)(i)-(iv); Ontunez-Tursios v. Ashcroft, 303 F.3d 341, 354 (5th Cir. 2002).

Ixchop does not brief his entitlement to cancellation of removal under NACARA based on hardship. That argument is therefore deemed abandoned. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003). Because cancellation of removal under the IIRIRA is discretionary, this court lacks jurisdiction to review the denial of Ixchop's application under those provisions. 8 U.S.C. §§ 1229b, 1252(a)(2)(B); Rueda v. Ashcroft, 380 F.3d 831, 831 (5th Cir. 2004). Ixchop's attempt to overcome this jurisdictional bar by arguing that the IJ and BIA's failure to account "for all factors" before deporting him violates due process is a transparent attempt to overcome the jurisdictional bar.

Ixchop's argument that the BIA's summary adoption of the IJ's decision violated due process is without merit. See Soajede, 324 F.3d at 832-33. Ixchop's invocation of the Equal Protection Clause to obtain judicial review of the denial

of his application for cancellation of removal is unavailing because he did not present an equal protection claim to the BIA. See Goonsuwan, 252 F.3d at 385; Wang, 260 F.3d at 453.

AFFIRMED.