**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-60731
Summary Calendar

NAJEH EL HMADI NAOUI,

Petitioner

v.

ERIC H. HOLDER, JR, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A77 042 135

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Najeh El Hmadi Naoui, a citizen of Tunisia, has filed a petition for review of the Board of Immigration Appeals' (BIA's) dismissal of his appeal from the decision of the immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

As to his application for asylum, the BIA and IJ found that Naoui had not demonstrated by clear and convincing evidence that the application was filed within one year after the date of his arrival in the United States, and had not

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

shown extraordinary circumstances causing a failure to meet that one-year deadline. *See* 8 U.S.C. § 1158(a)(2)(B), (D). As to the other forms of relief sought, the IJ determined that Naoui had failed to carry his burden of showing that he had been the victim of past persecution or that it was more likely than not he would be subject to persecution or torture upon his return to Tunisia.

On a petition for review of a BIA decision, this court reviews the order of the BIA but will also consider the IJ's underlying decision if it influenced the BIA's determination. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). This court reviews factual findings for substantial evidence and questions of law *de novo*. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). "The substantial evidence standard requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). If an alien "seeks to obtain judicial reversal of the BIA's determination, he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992).

Naoui contends that the IJ erred in determining that he was ineligible for withholding of removal or protection under the CAT. He does not challenge the IJ's determination that he is statutorily ineligible for asylum due to the untimeliness of his application for such relief. Any challenge to that determination is therefore abandoned. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

With respect to the withholding of removal claim, the BIA determined, after reviewing the proceedings before the IJ, that "substantial evidence supports the Immigration Judge's finding that the respondent established neither past persecution nor a well-founded fear of future persecution due to his alleged membership in a 'particular social group' or [based on race, religion, nationality, or political opinion]." Naoui's arguments fail to surmount the onerous standard of review for his withholding of removal claim, as the record

does not compel a contrary conclusion. *See Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004); *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994).

Likewise, the record does not compel the conclusion that, more likely than not, Naoui would be tortured if removed to Tunisia. *See Efe v. Ashcroft*, 293 F.3d 899, 906-07 (5th Cir. 2002). Accordingly, Naoui does not meet the standards required for us to disturb the rulings below regarding relief under the CAT. *See Eduard*, 379 F.3d at 186, 189.

Naoui has filed in this court a motion to file supplementary evidence. The appropriate procedural vehicle for this request is a motion to reopen filed with the BIA. *See* 8 U.S.C. 1229a(c)(7); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001). Naoui has filed such a motion, and it is pending before the BIA. Thus, he has not exhausted his administrative remedies with regard to the new evidence, as required by 8 U.S.C. § 1252(d)(1).

Naoui's motion to file supplementary evidence is DENIED, and his petition for review is DENIED.