# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2012

Lyle W. Cayce
Clerk

No. 11-60583
Summary Calendar

CANDELARIA HERNANDEZ, also known as Candelaria Reyes Ortiz,

Petitioner

V.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 529 944

Before DAVIS, DeMOSS, HAYNES, Circuit Judges.

PER CURIAM:[*]

Candelaria Hernandez petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the decision of the Immigration Judge (IJ) denying her application for cancellation of removal under 8 U.S.C. § 1229b(b). The application was based on the hardships her spouse, who is a lawful permanent resident, and her children, who were all born in this country, would suffer upon Hernandez's removal from this country. The IJ's decision denying relief was based on a determination that Hernandez had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not demonstrated that her qualifying relatives would suffer an "exceptional and extremely unusual hardship" as required by § 1229b(b)(1)(D). The BIA agreed with the IJ's determination.

Hernandez argues that the IJ and the BIA erred in considering only the current hardships her family is suffering as a result of her removal proceedings and committed legal error by failing to consider the future hardships that will result if she is removed to Mexico. Although we lack jurisdiction to review the denial of discretionary relief under § 1229b, we may consider the legal argument presented by Hernandez. See 8 U.S.C. § 1252(a)(2)(B)(i) & (a)(2)(D). Hernandez's argument is based on her contention that the pertinent consideration here is future-oriented. The Ninth Circuit has agreed with this contention. Figueroa v. Mukasey, 543 F.3d 487, 497-98 (9th Cir. 2008). Assuming, without deciding, that the § 1229(b)(1)(D) hardship inquiry is future-oriented, the record does not reflect that the IJ or the BIA failed to consider the future hardships asserted here. To the extent that Hernandez argues that the BIA committed legal error in considering her application for relief, her petition for review is denied.

Hernandez also argues that In re Andazola-Rivas, 23 I&N Dec. 319, 322 (BIA 2002), and In re Monreal-Aguinaga, 23 I&N Dec. 56, 62-64 (BIA 2001), two BIA decisions that are "the starting points for any analysis of exceptional and extremely unusual hardship" for purposes of § 1229b(b), In re GonzalezRecinas, 23 I&N Dec. 467, 469 (BIA 2002), were wrongly decided. Hernandez did not present these arguments to the BIA on appeal, and she did not file a motion to reopen or a motion for reconsideration of the BIA's decision. See 8 C.F.R. § 1003.2(b)(1); Goonsuwan v. Ashcroft, 252 F.3d 383, 390 (5th Cir. 2001). She has failed to exhaust her administrative remedies with regard to these arguments, and we lack jurisdiction to consider them. See Omari v. Holder, 562 F.3d 314, 320-21 (5th Cir. 2009).

PETITION FOR REVIEW DENIED IN PART; DISMISSED IN PART.