# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 16, 2013

No. 13-60045
Summary Calendar

Lyle W. Cayce
Clerk

VICTOR IKEDINACHI NJOKU,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A079 558 323

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Nigerian national Victor Ikedinachi Njoku petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from and affirming the decision of the Immigration Judge (IJ) finding him deportable and denying his petition to remove conditions on his permanent resident status. The petition was filed jointly with his United States citizen wife, Ramona, pursuant to 8 U.S.C. § 1186a.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Njoku contends that substantial evidence does not support the BIA's conclusion that he married Ramona for immigration purposes. As part of this argument, he urges that the BIA and IJ erred in relying on the transcripts of the United States Citizenship and Immigration Services interviews, which he now asserts were improperly admitted after the removal hearing. He urges that the transcripts were unreliable and reveal a bias on the interviewing officer's part, and he further argues, for the first time, that the late admission of the transcripts violated his due process rights because it deprived him of the ability to use them for impeachment purposes during cross-examination.

As the BIA determined, Njoku waived any objection to the admission of the transcripts by failing to assert it before the IJ. *See Bolvito v. Mukasey*, 527 F.3d 428, 438 (5th Cir. 2008). Moreover, Njoku did not assert any due process claim in connection with the late-filed transcripts before the BIA. Consequently, the claim is unexhausted, and this court will not consider it. *See Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001); *see also Goonsuwan v. Ashcroft*, 252 F.3d 383, 388-89 (5th Cir. 2001).

With respect to Njoku's claim that substantial evidence does not support the BIA's determination of marriage fraud, reversal is improper unless this court decides "not only that the evidence supports a contrary conclusion, but [also] that the evidence *compels* it." *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005) (internal quotation marks and citation omitted) (emphasis and alteration in original). Njoku has failed to show that the evidence compels a conclusion that his marriage was bona fide. He argues that the IJ gave insufficient weight to the considerable evidence that he entered into his marriage in good faith and urges that the adverse credibility determination was error because his and Ramona's statements were essentially consistent and because any inconsistencies were relatively minor.

Njoku's assertions notwithstanding, there is substantial evidence in the record to support the adverse credibility finding made by the IJ and BIA in this

case given the multiple inconsistencies in Njoku's and Ramona's interview statements and hearing testimony, detailed in the IJ's and BIA's decisions, including Njoku's inability to recall accurately the date on which he married Ramona. "[A]n IJ may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that [the petitioner] is not credible." *Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009). Given the totality of the circumstances, including the material discrepancies in Njoku's and Ramona's testimony and interview statements, Njoku has failed to show that no reasonable factfinder could have found his testimony to be incredible. *See id.*

Substantial evidence likewise supports the IJ's and BIA's determination that the marriage was entered into for immigration purposes. The testimony revealed that Njoku and Ramona had been living apart in different states for most of the marriage, and their alleged romantic history was cast into doubt by the numerous inconsistent statements regarding dates and circumstances that any legitimate couple would be expected to recall with ease. The evidence does not compel a conclusion contrary to the BIA's. *See Zhang*, 432 F.3d at 344. Accordingly, the petition for review is DENIED.