# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60203
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2014

Lyle W. Cayce
Clerk

RABINDRA NARINE,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A043 872 472

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Guyanese citizen Rabindra Narine petitions for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen his removal proceedings. He argues that the BIA erred by applying the wrong legal standard to his motion, that he exclusively sought relief under the Convention Against Torture (CAT), and that the BIA erred in failing to consider his evidence in support of that claim for relief. Narine additionally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contends that the BIA's incorrect construction of his motion to reopen and application of the wrong legal standard amounted to a due process violation as he has never been provided a meaningful opportunity to be heard on his claim for relief under the CAT.

As an initial matter, Narine has not briefed any argument challenging the BIA's determinations that he is not entitled to reopening because he failed to establish a claim of ineffective assistance of counsel and he failed to establish a prima facie case for entitlement to proceed under the CAT. Thus, he has abandoned any challenge to these determinations. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). Although Narine attempts to incorporate the arguments he made in his motion to reopen by reference, he may not do so. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993) (28 U.S.C. § 2254 case).

The Government urges that this court lacks jurisdiction to review the arguments Narine raises in the instant petition. "A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "A remedy is available as of right if (1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim." *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). To exhaust administrative remedies, an issue must be raised in the first instance before the BIA, either on direct appeal, in a motion to reopen, or in a motion for reconsideration. *See id.* at 320; *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

Narine's arguments that the BIA applied the incorrect legal standard and failed to consider the evidence presented in support of his CAT claim are issues "stemming from the BIA's act of decisionmaking" and thus could not

have been raised prior to the BIA's issuance of its decision. *See Omari*, 562 F.3d at 319-21. Although he alleges a "due process" violation, he may not escape the exhaustion requirement by couching his claim, which could have been raised in the first instance before the BIA, in terms of due process. *See Goonsuwan v. Ashcroft*, 252 F.3d 383, 389-90 (5th Cir. 2001); *Roy*, 389 F.3d at 137. Narine was required to raise his arguments in a motion for reconsideration in order to satisfy the exhaustion requirement. *See Omari*, 562 F.3d at 320. Because he failed to do so, the issues are unexhausted, and the petition is therefore DISMISSED for lack of jurisdiction. *See Roy,* 389 F.3d at 137.