# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60792
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2014

Lyle W. Cayce
Clerk

FENG WANG,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 732 265

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Feng Wang, a native and citizen of China, entered this country and applied for admission without being in possession of any valid entry documents. She was charged with removability on that basis under 8 U.S.C. § 1182(a)(7)(A)(i)(I). She conceded the charge and sought relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture (CAT), asserting that she had suffered past persecution on account of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60792

her practice of the Christian religion in China and that she had a well-founded fear of future persecution on that same ground. The immigration judge (IJ) found Wang to be incredible, determined that she thus had not established her eligibility for relief from removal, and ordered her removed to China. The Board of Immigration Appeals (BIA) dismissed Wang's appeal of the IJ's decision, and Wang now petitions for review.

Before the BIA, Wang argued that, by denying her motions to substitute counsel and continue the proceedings, the IJ denied her the right to choose her legal counsel. The BIA first found that the IJ's rulings on the motions had been proper and then addressed Wang's argument as a due process claim. It noted that Wang had proffered nothing to support her contention that she had been prejudiced by the rulings by her inability to submit documents corroborating her claims to relief. Wang raises a different due process claim before this court. She argues here that her proceedings were generally unfair because the IJ was predisposed to rule unfavorably on her claims due to the fact that she was represented by an attorney with whom the IJ appeared to have had negative prior experiences. Although the factual basis for this argument was known to Wang at the time she filed her appeal before the BIA, she did not raise the argument before the BIA. Nor does she argue here that the claim is exempt from the mandatory and jurisdictional requirement that claims be raised before the BIA before being raised in a petition for review. *See* 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 324-25 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 (5th Cir. 2001). That portion of Wang's petition for review raising this new, unexhausted claim is therefore dismissed for lack of jurisdiction.

No. 13-60792

Turning to Wang's challenge to the denial of her application for relief from removal, we review the factual determination that an alien is not eligible for asylum, withholding of removal, or relief under the CAT under the substantial evidence standard. *See Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under that standard, we may not reverse an immigration court's factual findings unless the alien shows that "the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 536-37 (5th Cir. 2009).

Wang assigns error to a few of the individual findings underpinning the BIA's overall conclusion that she had not credibly established her claims for relief. An adverse credibility determination may be supported by "*any* inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted). Twice, while under oath and availing herself of the assistance of an interpreter, Wang was asked if she had ever applied for a visa to come to the United States. Each time, she answered negatively. When confronted with a copy of a visa application filed in her name, she insisted that she had misunderstood the question and thought she had been asked if she had ever received a visa. Once shown her visa application, Wang readily admitted that she had filed a visa application, but she later testified that a friend had filed it for her and that she had never seen it or read it and was unaware of its contents. This is but one example of the inconsistencies presented by Wang's testimony. Reviewing the record in this case as a whole, we conclude that it is not plain that no reasonable factfinder would have made the same adverse credibility ruling. *See Wang*, 569 F.3d at 538. Overall, the BIA's decision that Wang was not entitled to asylum, withholding of removal, and protection under the CAT because she had not

provided credible evidence of either past persecution or a well-founded fear of future persecution is supported by substantial evidence. *See id.* at 537. Accordingly, that portion of Wang's petition seeking review of the BIA's decision that she had not credibly established her eligibility for relief from removal is denied.

PETITION FOR REVIEW DENIED IN PART and DISMISSED IN PART.